UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

HEUNG WAH WONG,                       :
A35 709 124,
                                      :
            Petitioner,
                                      :    **MEMORANDUM DECISION**
       - against -
                                      :    04 Civ. 4036 (DC)
JOHN ASHCROFT et al.,
                                      :
            Respondents.
                                      :
- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**   JOYCE C. LONDON, ESQ.
          20 Vesey Street, Suite 400
          New York, New York  10007
                  - and -
          KAI W. DE GRAAF, ESQ.
          Attorneys for Petitioner

          DAVID N. KELLEY, ESQ.
          United States Attorney for the Southern District
              of New York
              By:  Patricia L. Buchanan, Esq.
                   Assistant United States Attorney
          86 Chambers Street
          New York, New York  10007
          Attorney for Respondents

**CHIN, D.J.**

 In the instant petition, transferred to this Court on May 28, 2004 from the Eastern District of New York, Heung Wah Wong challenges an order of deportation under 28 U.S.C. § 2241. On May 11, 2005, the Real ID Act was enacted, providing that a "petition for review filed with an appropriate court of appeals

. . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act." Pub. L. No. 109-13, § 106, 119 Stat. 231 (May 11, 2005). The Act also provides:

> [i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under [8 U.S.C. § 1252].

§ 106(c).

The Real ID Act specifically provides that these provisions of the Act "shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this [Act]." § 106(b). Under § 1252(b)(2), "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2).

As the instant petition was pending in this Court on the date of the Act's enactment, and Wong's removal proceedings

were completed in Oakdale, Louisiana, this Court transfers this matter to the United States Court of Appeals for the Fifth Circuit in accordance with § 106 of the Act.

Wong asserts a number of equitable arguments in support of transferring this case to the Court of Appeals for the Second Circuit instead of the Fifth Circuit. Because of the plain language of the Real ID Act and § 1252(b)(2), those arguments are unavailing.

First, the statutes are unambiguous. District courts shall transfer cases brought under 28 U.S.C. § 2241 to the Court of Appeals for the circuit in which the immigration judge completed removal proceedings. See § 106(b); § 1252(b)(2). Here, those proceedings were completed by the Immigration Judge in Louisiana on August 11, 1997. Although it does seem that Wong was arbitrarily moved from detention in New York to detention in Louisiana in late July or early August 1997, and although it does appear that the proceedings began in New York and the case was otherwise not connected to Louisiana, the language of the Real ID Act leaves the Court with no discretion with respect to venue. Cf. Nwaokolo v. INS, 314 F.3d 303, 306 & n.2 (7th Cir. 2002) (finding that 1252(b)(2) is a venue provision as opposed to a jurisdictional provision but that

venue lies where proceedings were completed and final order was issued). To the extent that Wong seeks to challenge the order of deportation because, <u>inter</u> <u>alia</u>, he was prejudiced by the Immigration and Naturalization Service's choice of venue, he must make that argument to the Fifth Circuit. (<u>See</u>, <u>e.g.</u>, Pet'r Mem. of Law at 3-4 (citing <u>Jian v. INS</u>, 28 F.3d 256 (2d Cir. 1994))). This Court does not have jurisdiction to decide such an issue.

Second, Wong argues that his petition was not one brought strictly under § 2241 and that, as a result, it is not subject to the transfer requirements of the Real ID Act. This argument is likewise unavailing, because the Act specifies that in cases with multiple issues, the district court shall transfer "the part of the case that challenges the order of removal, deportation, or exclusion." § 106(c). Moreover, in this case, all issues other than the challenge under § 2241 have been resolved. Wong challenged both the order of deportation and a criminal conviction under 8 U.S.C. § 1326. By memorandum decision dated May 10, 2005, I deemed Wong's challenge to the conviction as one under 28 U.S.C. § 2255. The § 2255 motion was subsequently granted and the government filed a <u>nolle</u> <u>prosequi</u> on June 27, 2005, dismissing the criminal indictment against

Wong. Thus the only remaining issue is the challenge to the underlying deportation order that, under the Real ID Act, must be transferred to the Court of Appeals. Counsel to Wong acknowledges that the parties agree "Mr. Wong's challenge to the underlying order of removal was properly deemed a habeas petition under 28 U.S.C. § 2241." (Pet'r Mem. of Law at 7 n.4).

Third, Wong argues that he was constructively in proceedings prior to April 1, 1997, the date that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 went into effect, and, therefore, he is not subject to the rules brought about by that legislation. Wong was apparently detained at John F. Kennedy Airport on May 29, 1997 (see Gov't Mem. of Law at 5 n.2), and there is no indication that he was "in proceedings" -- no matter how loosely that phrase is defined -- prior to that date. That Wong could have been found to be in violation before May 1997 is irrelevant and such speculation does not evidence an Equal Protection violation, as Wong argues.

Finally, in the interest of justice, Wong's removal or deportation is hereby stayed pending further order by the Fifth Circuit. The facts and procedural history in this case support a stay. Wong's § 2241 petition presents meritorious issues, as the immigration judge told Wong at his removal hearing in 1997

that he was ineligible to seek cancellation of removal when in fact he did have a right to seek relief from deportation pursuant to § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed). Wong's § 2241 petition surely deserves consideration.

## CONCLUSION

Accordingly, the instant petition shall be transferred to the Court of Appeals for the Fifth Circuit as a petition for review, and Wong's removal or deportation is stayed pending further order of the Fifth Circuit. A copy of this order is being sent to the United States Attorney for the Southern District of New York, who is directed to inform the Bureau of Immigration and Customs Enforcement (B.I.C.E.) forthwith of the stay of removal. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
August 30, 2005

DENNY CHIN
United States District Judge